CARRIER *v.* PROVER.

SPECIFIC PERFORMANCE—DELAY—CHANGE OF CIRCUMSTANCES—OPTION
TO PURCHASE REAL ESTATE.

> In suit for specific performance of option to purchase real estate
> at a sum stated in a release, given by plaintiffs to vendors
> when plaintiffs gave up their interest in a land contract
> and agreed to rent on a monthly basis, denial to plaintiff of
> the discretionary relief of specific performance was not an
> abuse of discretion where he occupied premises as tenant for
> over six years, property increased greatly in value, and exercise
> of option was not sought until defendant, guardian of incom-
> petent surviving owner, took steps to sell the premises.

Appeal from Clare; Hart (Ray), J. Submitted
January 5, 1940. (Docket No. 83, Calendar No.
40,638.) Decided March 15, 1940.

Bill by Rex Carrier against Lucretia Prover, in-
competent, and Reverend Stanley J. Morrison, as
guardian, for specific performance of an option to
purchase real estate, and for other relief. Bill dis-
missed. Plaintiff appeals. Affirmed.

*Donald E. Holbrook,* for plaintiff.

*Ellis J. Bowler,* for defendants.

McALLISTER, J. Julian and Lucretia Prover, hus-
band and wife, sold certain real estate to plaintiff
on land contract. Plaintiff, on being unable to fulfill
the terms thereof, reassigned the contract to the
owners. Thereupon the Provers rented the property

to plaintiff on a month to month basis. At the time of the reassignment of the land contract and the commencement of the renting of the premises, Mr. and Mrs. Prover signed the following instrument:

"Whereas, a certain executory land contract was made and entered into July 2, 1930, by and between Julian Prover and Lucretia Prover, husband and wife, as vendors, and Rex Carrier, as vendee, and;

"Whereas, this day, said Rex Carrier and Faith Carrier, his wife, have assigned, released and quitclaimed said property described as lot 13 in block 10 of the city of Clare, to said Julian Prover, and *

"Whereas, said Julian Prover and Lucretia Prover agree to rent said property by the month to said Rex Carrier for the sum of $12 per month, payable on the first day of each and every month in advance;

"The said Rex Carrier hereby agrees to rent said property on the terms and conditions as hereinbefore stated.

"Should said Julian Prover and Lucretia Prover, husband and wife, have an opportunity to sell said premises, then in such event, they shall give said Rex Carrier, first privilege to purchase same for the sum of $1,500, terms and conditions to be agreeable to the parties."

The plaintiff, however, did not sign the foregoing instrument, but occupied the premises on a month to month basis for several years, during which time Mr. Prover died and Mrs. Prover became mentally incompetent.

Rev. Stanley J. Morrison, guardian for Mrs. Prover, obtained an order to sell the property during the summer of 1936, and thereafter plaintiff tendered to him the sum of $1,500 and also a deed

---

* The release here referred to ran to both Julian and Lucretia Prover.

from the said guardian to plaintiff. This was refused by the guardian, and plaintiff brought suit to enforce specific performance of the right of option to purchase the property for the sum of $1,500. The trial court dismissed the bill of complaint, and plaintiff appeals.

It is doubtful whether there was any consideration for this option. The instrument in which it is contained does not indicate that the giving of the quitclaim deed was conditioned upon the giving of the option. But we prefer to rest our decision upon other grounds. Plaintiff has come into equity, asking for specific performance, a remedy within the discretion of the chancery court. For more than six years he occupied the property on a month to month basis. The property meanwhile increased greatly in value, and it was not until the guardian of Mrs. Prover took steps to sell the premises that plaintiff sought to exercise the option. Under these circumstances—the change in the position of the parties, the increase in the value of the premises, and the long delay before exercising the option—we are of the opinion that the trial court did not abuse its discretionary powers in holding that it would be inequitable to grant plaintiff the remedy of specific performance.

Decree affirmed, with costs to defendant.

BUSHNELL, C. J., and SHARPE, POTTER, CHANDLER, NORTH, WIEST, and BUTZEL, JJ., concurred.